IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUGUST CASSANO, | ) | CASE NO.1:03CV1206 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| STUART HUDSON, WARDEN, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner August Cassano ("Cassano") has filed a Motion entitled "Unfair Streamline

Appeals." (ECF 97).  He asserts that the State of Ohio's provision under the Ohio Constitution

that requires any appeal from a sentence of death in a common pleas court go directly to the Ohio

Supreme Court violates the Eighth Amendment and the Equal Protection and Due Process Clauses

of the United States Constitution.  For the reasons that follow, the Court finds this Motion to be

without merit.

In 1994, the citizens of Ohio, dissatisfied with the lengthy delay and having lost

confidence in the integrity of the death penalty system, passed the following amendments to the

Ohio Constitution.  Section 2(B), Article IV provides:

(2) The supreme court shall have appellate jurisdiction as follows:
* * *
(c) In direct appeals from the courts of common pleas or other courts of record

-1-

> inferior to the court of appeals as a matter of right in cases in which the death
> penalty has been imposed.
> Section 3(B)(2), Article IV, Ohio Constitution reads:
> (2) Courts of appeals shall have such jurisdiction as may be provided by law to
> review and affirm, modify, or reverse judgments or final orders of the courts of
> record inferior to the court of appeals within the district, except that courts of
> appeals shall not have jurisdiction to review on direct appeal a judgment that
> imposes a sentence of death.

The amendments became effective January 1, 1995.  Ohio Revised Code Section 2953.02 was

amended to provide for the amendments to the Ohio Constitution.

Although the Sixth Circuit has rejected many challenges to Ohio's death penalty statutes, it

has not addressed the issues raised by Cassano.  However, the matter was thoroughly discussed in

accordance with federal law by the Ohio Supreme Court in *State v. Smith*, 80 Ohio St.3d 89

(1997).

### Eighth Amendment

The United States Supreme Court has held that there is no constitutional right to appellate

review.  *Id*. at 97 (citing *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975)).  *See Lopez v. Wilson,*

426 F.3d 339, 353 (6th Cir. 2005), *cert. denied*, 547 U.S. 1099 (2006); *Freels v. Hills*, 843 F.2d

958, 959 (6th Cir. 1988).  It is wholly within the discretion of the state to allow or not to allow

such a review.  *Goodwin v. Cardwell* 432 F.2d 521, 525 (6th Cir. 1970).  However, a state that has

provided a process of appellate review must do so consistent with the requirements of due process

and equal protection.  *Griffin v. Illinois,* 351 U.S. 12, 18 (1956); *Freels*, 843 F.2d at 960; *Waldron*

*v. Jackson*, 348 F.Supp.2d 877, 889 (N. D. Ohio 2004).  The Supreme Court stated that it is

"unwilling to say that there is any one right way for a State to set up its capital sentencing

scheme."  *Spaziano v. Florida*, 468 U.S. 447, 464 (1984).  The Ohio Supreme Court recognized in

*Smith*, a case decided in 1997, that 25 of 38 states that authorize capital punishment and have a

two-tiered appellate process require a death penalty case to be reviewed in the state supreme court and not in an intermediate appellate court. *Smith*, 80 Ohio St.3d at 98-99. *See Jones v. Bradshaw,* 489 F.Supp.2d 786, 844 (N.D.Ohio,2007) (court's finding that direct appeal of capital convictions to the Ohio Supreme Court does not violate the Eighth Amendment and Equal Protection Clause was based on the extensive review in *Smith*).  The Court agrees with *Smith* and *Jones*.

Equal Protection

Cassano argues that Ohio's one tier system for direct review of capital cases violates the Equal Protection Clause because other individuals who received the death penalty before 1995 had the right to appeal to an intermediate court and then to the Ohio Supreme Court.  This, Cassano claims, results in a stay on death row from 7 to 10 years instead of from 15 to 20 years or longer under the former system.  Apparently, Cassano would like his stay on death row extended.

In Smith's federal habeas case, the district court evaluated his equal protection claim under a rational basis test. *Smith v. Mitchell*, 2003 WL 24136073 *27-28 (S.D. Ohio Sep. 30, 2003) (equal protection clause does not require a higher level of scrutiny for legislative classifications that may result in the death penalty).  The United States Supreme Court in *Proffitt v. Florida,* 428 U.S. 242, 258-59 (1976), recognized that Florida's review system, which has a review system similar to Ohio's, reduces the arbitrariness of the application of the death penalty by ensuring that similar results are reached in similar cases.  Florida's one tier review procedure for death penalty cases promotes consistency in death sentencing. *Id.*  Thus, there is a rational relationship between the state's one tier system of appellate review and a legitimate state interest.

-3-

In addition, the Court finds Cassano's particular argument to be without merit.  A state must be able to amend its criminal justice system.  For example, Ohio's death penalty statutes, after enactment, treated all criminal defendants committing murder differently from defendants committing murder before enactment.  In such case, the defendants were not similarly situated. *Smith*, 80 Ohio St.3d at 101(citing *Dobbert v. Florida*, 432 U.S. 282, 301 (1977).  Therefore, the amendments to the Ohio Constitution could apply only to crimes committed after the effective date. "The Equal Protection Clause does not forbid statutes to have a beginning." *Id.* (citing *Williams v. Walsh*, 222 U.S. 415, 421 (1912)).[1]

Due Process

Cassano has not explained how Ohio's one tier review system for death penalty cases violates due process.  In *Smith,* the Ohio Supreme Court found that Ohio's direct review in death penalty cases to that court gives a capital defendant significant advantages in comparison to other criminals.  A court of appeals must apply the Ohio Supreme Court's existing precedents, while the Ohio Supreme Court can directly reverse its own precedents. *Id.* at 102.  Thus, a defendant can directly challenge existing precedent.  The opportunities are better since the lower court cannot reexamine Ohio Supreme Court precedent. *Id*.

Also, the Ohio Supreme Court can more easily determine the appropriateness and proportionality of a death sentence because its determination is made on a statewide basis instead of the geographical limitations of an appellate court. *Id*.  Death sentences from all Ohio counties are reviewed by the Ohio Supreme Court when comparing appropriateness and proportionality.

---

[1]     Arizona and Virginia, two states also having one tier review in death penalty cases, have rejected equal protection challenges to this system. *State v. Ramirez*, 871 P.2d 237 (1994); *Payne v. Commonwealth*, 357 S.E.2d 500 (1987).

-4-

*Id.*  This Court agrees with the reasoning of the Ohio Supreme Court in *Smith*.

Accordingly, for the foregoing reasons, Cassano's Motion - Unfair Streamline Appeals is

denied. (ECF 97).


IT IS SO ORDERED.


Dated:  October 24, 2007                              /s/  John R. Adams
                                                      JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE