UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AUGUST CASSANO, | ) | CASE NO. 1:03 CV 1206 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| MARGARET BRADSHAW, | ) | MEMORANDUM OF OPINION |
| WARDEN, | ) | & ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon Petitioner August Cassano's March 19, 2012 and April 5, 2012 letters to this Court, which were submitted *pro se* and docketed as Motions to Withdraw Appeals. (ECF 106, 108). Cassano's counsel and Respondent filed responses on April 12, 2012. (ECF 109, 110). For the following reasons, the Court will defer ruling on Cassano's Motions to Withdraw Appeals until the state trial court completes its review of Cassano's pending Motion to Stay and Abey Post-Conviction Proceedings Pending Competency Evaluation.

**I.  Procedural History**

On March 2, 2004, Cassano filed a Petition for Writ of Habeas Corpus in this Court pursuant

1

to 28 U.S.C. § 2254. (ECF 26). Respondent filed a Return of Writ on April 30, 2004 (ECF 63) and Cassano thereafter filed a Traverse on June 15, 2004 (ECF 64).

On February 10, 2005, this Court stayed the instant matter in order to permit Cassano to exhaust certain claims in state court. (ECF 76). Cassano had already initiated post-conviction proceedings in the Richland County Court of Common Pleas. *See State v. Cassano*, Richland Common Pleas Case No. 1998-CR-0171. On March 26, 2007, the state trial court denied Cassano's motion to reinstate[1] post-conviction proceedings after which Cassano took an appeal to the state appellate court. That court vacated the trial court's order and remanded for further proceedings. *State v. Cassano*, 2008 WL 638190 (Ohio App. 5th Dist., March 5, 2008).

It appears Cassano's efforts to secure post-conviction relief are continuing. On February 7, 2012, Cassano's post-conviction counsel, Michael Benza, filed in the state trial court a Motion to Stay and Abey Post-Conviction Proceedings pending an assessment of Cassano's competency. Mr. Benza also renewed a motion for funds to employ an independent psychologist or psychiatrist in that regard. Shortly thereafter, on March 12, 2012, Cassano sent a hand-written letter to the state trial judge, stating he wished to withdraw his post-conviction appeals. (ECF 110 at Exh. 1).

On March 19, 2012, Cassano filed a hand-written letter in this Court, seeking to "withdraw all my appeals" and have an execution date set as soon as possible. (ECF 106). He filed another hand-written letter with the Court on April 5, 2012, in which he reiterates his intention to drop all his appeals and insists that a competency hearing is unnecessary. (ECF 108). These letters were

---

[1] After his direct appeal was unsuccessful, Cassano had initially waived post-conviction and reopening proceedings. He filed applications for post-conviction relief and to pursue a *Murnaha*n petition just prior to filing his federal habeas petition. On October 13, 2004, the Ohio Supreme Court denied Cassano's *Murnahan* petition.

docketed as Motions to Withdraw Appeals.

In an Order dated March 29, 2012 (ECF 107), this Court ordered Cassano's counsel to submit a response, addressing the following issues: (1) whether there has been a breakdown in communications between Petitioner and his habeas counsel; (2) the status of Petitioner's state court post-conviction proceeding, including a discussion of the basis for the pending Motion to Stay and Abey Pending Competency Evaluation filed in that proceeding on March 12, 2012; and (3) habeas counsel's position as to whether a competency evaluation should be conducted in these federal habeas proceedings. The Court also ordered Respondent to file a response, indicating its position regarding the necessity of a competency evaluation in the above-captioned matter. The parties submitted their responses on April 12, 2012. (ECF 109, 110).

**II.    Analysis**

The Supreme Court has considered a federal court's obligations when a death row inmate seeks to withdraw his habeas action. In *Rees v. Peyton*, 384 U.S. 312 (1966), a habeas petitioner facing death row petitioned the Supreme Court for a writ of certiorari after the lower federal courts denied his petition. After filing the petition for writ of certiorari, however, Rees directed his counsel to withdraw the petition and forego any further legal proceedings. The Supreme Court explained that "[w]hether or not [the petitioner] shall be allowed in these circumstances to withdraw his certiorari petition is a question which it is ultimately the responsibility of this Court to determine, in the resolution of which Rees' mental competence is of prime importance. " *Id*. at 313.  The Court ordered the district court to "make a judicial determination as to Rees' mental competence and render a report on the matter" in order to "aid . ..the proper exercise of th[e] Court's certiorari jurisdiction." *Id*. at 313-14.  Specifically, the Court directed the district court to "determine Rees'

3

mental competence in the present posture of things, that is, whether he has capacity to appreciate his position and make a rational choice to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Id*. at 314.

The Sixth Circuit has relied on *Rees* to find that federal habeas courts may conduct preliminary hearings to determine whether there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to waive his right to further appeals." *Harper v. Parker*, 177 F.3d 567, 571 (6th Cir. 1999). *See also Awkal v. Mitchell*, 2006 WL 559370 (6th Cir. March 8, 2006) (where capital habeas petitioner sought to withdraw appeal of district court's denial of petition, Sixth Circuit remanded to district court for a limited evidentiary hearing to determine competence in accordance with *Rees*); *Carter v. Bradshaw*, 644 F.3d 329, 334 (6th Cir. 2011) (noting that "[a]nytime a capital habeas petitioner affirmatively seeks to forego his habeas petition, whether by action or inaction, *Rees* and *Harper* hold that a district court may" hold a preliminary hearing regarding competence).[2]

In their response to Cassano's Motions to Withdraw Appeals, Cassano's counsel request that this Court defer ruling on these Motions in order to allow the state trial court to assess Cassano's

---

[2] The Supreme Court recently granted certiorari in *Carter*. *See Tibbals v. Carter*, 2012 WL 895971 (U.S. March 19, 2012). The questions presented to the Supreme Court in that case are (1) whether capital prisoners posses a "right to competence" in federal habeas proceedings under *Rees, supra*; and (2) whether a federal district court can order an indefinite stay of a federal habeas proceeding under *Rees*. *See Tibbals v. Carter*, 2011 WL 3706735 (U.S. Aug. 17, 2011) (Petition for Writ of Certiorari). The Supreme Court also granted certiorari in a similar case, *Ryan v. Gonzales*, Case No. 10-930, to consider the issue of whether a federal court should indefinitely stay federal habeas proceedings involving a capital prisoner pending the possible restoration of competency. *See Ryan v. Gonzales*, 2011 WL 178714 (U.S. Jan. 18, 2011) (Petition for Writ of Certiorari). These cases will be argued before the Supreme Court in its next term, beginning in October 2012.

competency to abandon his state post-conviction proceedings. Counsel states Cassano has a "long history of mental health problems" for which he has received psychiatric treatment and medication. They assert Cassano's mental state has deteriorated significantly since he was transferred from Mansfield Correctional Institution (MANCI) to Chillicothe Correctional Institution (CCI) in January 2012.[3] Specifically, counsel states Cassano has engaged in "bizarre" behavior since this transfer, including threatening his state post-conviction counsel and "twice injuring himself . . . in what appear to be have been instances of suicidal behavior." (ECF 110 at 5). Counsel suggests this is because one or more of Cassano's psychiatric medications may have been discontinued once he was transferred to CCI.

Pending a psychological assessment, counsel indicate they "cannot say" whether they do or do not believe Cassano is incompetent. They believe, however, that "with proper medications he will probably be restored to competence and that his return to competence will cause him, after further reflection, to withdraw his request." (ECF 110 at 6). If Cassano does not withdraw his request, counsel maintains that both the state and federal courts are required to conduct independent *Rees* inquiries into his competence. In light of the fact that this matter is stayed and the Supreme Court may revisit its ruling in *Rees* in the pending *Tibbals v. Carter*, No. 11-218 and *Ryan v. Gonzales*, No. 10-930 cases, counsel suggests this Court allow the state court to conduct its competency assessment first. If the state court finds Cassano to be competent, counsel argues that "then it would become appropriate for this Court to bring Cassano into the district court and convene

---

[3] In October 2011, the Ohio Department of Rehabilitation & Correction announced that the majority of Ohio's male death row prisoners would be moved to CCI from the Ohio State Penitentiary (OSP) in Youngstown and MANCI in Mansfield. The transfer was completed in January 2012. Cassano was apparently one of the death row inmates who was transferred to CCI.

5

its own inquiry under *Rees* or the holdings in *Carter* and/or *Gonzales*, as the case may be, after the latter are decided." (ECF 110 at 8).

Respondent states that it "takes no position" on the merits of Cassano's motion. (ECF 109 at 5). It notes, however, that Cassano has a history in both this Court and state court of attempting to withdraw his appeals and then changing his mind.[4] Respondent also notes that, in connection with Cassano's previous attempt to withdraw his appeals, Cassano's counsel indicated they had "no good faith basis in which to request a competency evaluation on behalf of Petitioner." (ECF 109 at 3, quoting ECF 90). Respondent also directs this Court's attention to a 1973 psychiatric assessment of Cassano, which concluded that Cassano was not psychotic "but rather is immature, impulsive in conjunction with a personality disorder" and that "repetitive antisocial behavior can be expected, including impulsive, angry, self-inflicted injuries as in the past." (ECF 109 at p. 5 and Exh. A). In conclusion, Respondent requests that this Court "continue to stay Cassano's federal habeas corpus case as the issue of Cassano's competency is presently before the state court," and the state court's findings "will likely be instructive" on the issue of Cassano's competency to waive his habeas appeals. (ECF 109 at 5-6).

In light of the above, the Court will defer ruling on Cassano's motions to withdraw appeals until the state court completes its review regarding the issue of Cassano's competency. It is possible the state court will order a competency evaluation of Cassano and perhaps conduct a *Rees* inquiry into his capacity to withdraw his post-conviction appeals. If this occurs, it will most likely shed light

---

[4] Cassano has repeatedly complained about his representation in this Court, and filed a motion to withdraw appeals because of his dissatisfaction with his attorneys in December 2006. *See* ECF 77, 78, 81, 82, 84, 85, 86. He subsequently had a change of heart, and withdrew his motion to withdraw appeals. *See* ECF 89, 95.

on Cassano's mental state and provide additional information for this Court to consider in resolving Cassano's motions to withdraw his habeas case. In addition, Cassano's counsel suggests there is a possibility Cassano's psychiatric medications will be adjusted or re-started, which may lead him to withdraw his motions to withdraw. Moreover, Cassano's counsel and Respondent are in agreement that this Court should defer ruling on Cassano's motions to withdraw until such time as the Richland County Court of Common Pleas rules on Cassano's pending motion to stay his post-conviction proceedings pending a competency evaluation.

To assist this Court in its review of this matter, however, the Court orders Cassano's counsel to keep this Court apprised of the state court's rulings on this issue and, further, to provide this Court with copies of any rulings the state court issues relative to Cassano's competence.

IT IS SO ORDERED.


Dated: April 23, 2012         　　/s/ John R. Adams
　　　　　　　　　　　　　　　JOHN R. ADAMS
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE